IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LORI MARTINEZ,

    Plaintiff,

v.                                                                         CIV. 12-933 WJ-GBW

CITY OF PORTALES, et al.,

    Defendants.

## ORDER GRANTING MOTION TO STAY DISCOVERY

THIS MATTER is before the Court on Defendants' Motion to Stay Discovery ("Motion"). *Doc. 19.* The matter is fully briefed and the motion will be granted. *See docs. 21, 26, 27.*

### *Background*

Plaintiff brings suit alleging various constitutional violations and tortious conduct. *See generally doc. 11.* Of the two named defendants, one is the City Manager Tom Howell, who is sued in his individual and official capacity. *Id.* On October 5, 2012, Defendants moved to dismiss, or alternatively, for summary judgment. *Doc. 17.* Therein Defendant Howell contends, *inter alia*, that he is qualifiedly immune from the instant suit. *Id.* at 7-8. Briefing on that motion is incomplete pending a reply. *See doc. 22.*

### *Analysis*

"Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."  *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 815 (2009).   The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001).  Because qualified immunity protects against the burdens of discovery as well as trial, the Court has also emphasized that trial courts should resolve the issue before discovery if at all possible.  *See Siegert v.Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed.").  *Accord Jones v. City and County of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988).  As a consequence, the Tenth Circuit holds that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery.  *See Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992).

Plaintiff asserts generally that "[t]here are certain circumstances when discovery is permissible despite an assertion of qualified immunity including cases involving

2

official capacity claims (such as the present case), requests for injunctive relief (such as the present case), and claims against entities not individuals (in the present case the City of Portales)." *Doc. 21* at 2 (citing *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). Plaintiff does not further explain why his case should fall outside the general rule, and the Court is unpersuaded that it does.

### *Conclusion*

The underlying purpose of qualified immunity is to render certain individuals immune from suit – not simply from trial. Because Defendant Howell has asserted an entitlement to qualified immunity and, because any further discovery pending resolution of that defense would impinge on that immunity, this matter must be stayed.

Wherefore, IT IS HEREBY ORDERED that Defendants' Motion to Stay Discovery, (*doc. 19*), is GRANTED. All discovery in this matter is hereby STAYED pending the Court's disposition of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, or Alternatively, Motion for Summary Judgment. *See doc. 17.*

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE