IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LORI MARTINEZ,

        Plaintiff,

V.                                    Case No. 2:12-CV-00933 WJ/GBW

THE CITY OF PORTALES, a municipality
existing under the laws of the State of New
Mexico, and TOM HOWELL, individually
and in his capacity as City Manager,

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED MOTION FOR COMPLAINT, OR, ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on Motion to Dismiss Plaintiff's First Amended Complaint, or Alternatively, Motion for Summary Judgment by Defendants, the City of Portales and Tom Howell, (**doc. 17**), filed on October 5, 2012, and related motions (**doc. 30, doc. 37, doc. 38**). The Court finds that Defendants' motion is well taken and shall be **GRANTED**.

### FACTS

At the heart of Plaintiff's claims is an undated document titled "Procedures for Collecting Library Accounts in Default" ("Procedures"), given to the Portales City Librarian by the Portales Municipal Court ("the Municipal Court").[1] This document outlines the following process for collecting fines for materials overdue from the Portales Public Library ("the Library"): When a library account is in default, the Library sends that information to the Municipal Court, and the Municipal Court issues a summons to the patron in question. A patron who responds to the summons is directed to pay all fines and fees at the Library. If the patron does not respond to the

---

[1] The Procedures appear in the record at Doc. 17-1, Exh. 1. An affidavit from Denise Burnett, City Librarian, states that she received a copy of the Procedures from the Municipal Court (doc. 33-1).

first summons notifying him or her of the library fine, the Municipal Court files a criminal complaint against the patron for contempt of court, carrying a $500 fine, and issues a second summons, requiring the patron to appear to answer the contempt complaint.  Failure to respond to the second summons results in Municipal Court issuing a bench warrant for the patron's arrest, for the amount due to the Library and the contempt fine.  If the patron is then arrested, he or she may post bond at the jail, the bond money will be sent to the Finance Department at City Hall, and the amount owed to the Library will be deposited in the Library's account.  According to Howell, neither he nor the City Council promulgated, adopted, or approved the Procedures, and he was unaware of the Procedures until after Plaintiff was arrested.

In August 2010, someone applied for a library card from the Library under the name "Lori Teel," giving her birth date as December 3, 1981, and her address as 2200 S. Avenue 1, Portales, New Mexico, 88130.  Subsequently, materials were checked out of the library on this card and never returned, incurring a fine of $110.01.  Therefore, on November 30, 2010, the Library sent an Overdue/Bill Notice ("Notice") to Lori Teel at the address listed on the card.  The Notice was returned to the library as undeliverable because the recipient was not at that address.  Following the Procedures, the City Librarian took the Notice to the Municipal Court, which issued a summons on March 29, 2011, requiring Teel to appear regarding the fines on April 12, 2011, and mailed the summons to the address provided by the Library.   That summons was likewise returned as undeliverable, and Teel failed to appear.  On April 26, 2011, the Municipal Court issued a criminal complaint for contempt of court and a summons ordering Teel to appear on May 17, 2011.  Yet again, the mail was returned as undeliverable, and Teel did not appear.  On May 17, 2011, the Municipal Court signed a bench warrant for Teel's arrest, listing her address as 2200 S. Avenue 1.

On June 12, 2012, Portales police officer Raul Rosa, accompanied by a police officer trainee, was dispatched to an apartment on Arizona Drive in Portales to execute the bench warrant for Lori Teel. There, Rosa found Plaintiff, her five minor children, and deputies from the Roosevelt County Sheriff's Department ("Deputies"). The Deputies told Rosa they went to the apartment to execute a search warrant on the residence of Jimmy Teel and had discovered the bench warrant for Lori Teel. Plaintiff told Rosa that her name was Lori Martinez, and when asked, denied being known as Lori Teel. Rosa noticed that the address on the warrant did not match the address of the current residence, and asked Plaintiff if she had ever lived at 2200 S. Avenue 1. She said that she had lived at a Baptist Children's Home a couple of years before, but did not think that was the address.[2] Rosa asked Plaintiff for her birthday, which she gave as December 3, 1981, matching the birth date on the warrant. Seeking further information, Rosa called his police station but was unable to obtain a driver's license or photo of Lori Teel to confirm the identification; the driver's license number that Plaintiff gave Rosa came back as issued to "Lori Martinez." Rosa concluded, and told the Deputies, that he could not execute the warrant based only on a matching birthdate. The Deputies told him that they had been working on a case involving Jimmy Teel for some time and believed they had enough information to confirm that Plaintiff was Lori Teel. The Deputies then arrested Plaintiff and took her to the Roosevelt County Detention Center, where she posted bond the following morning.[3]

## LEGAL STANDARD

Because both parties have submitted exhibits and affidavits, the Court will treat Defendants' motion as a motion for summary judgment. *See Prager v. LaFaver*, 180 F.3d 1185,

---

[2] According to Defendants, 2200 S. Avenue 1, Portales, New Mexico is the address of the Baptist Children's Home. (Mot. to Dismiss, doc. 17 at ¶ 1 n.4.)
[3] Plaintiff has filed a Motion to Disregard in Part Summary Judgment Affidavits of Tom Howell and Raul Rosa Pursuant to Fed. R. Civ. Proc. 56(e)(1) (**doc. 30**), objecting to admission of some statements by Rosa included in this narrative. For the Court's discussion of this Motion, see Section I below.

3

1188 (10th Cir.1999) ("[I]n general, a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings."). Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. Once that burden is met, the nonmoving party must put forth specific facts showing that there is a genuine issue of material fact for trial; he may not rest on mere allegations or denials in his own pleadings. *Anderson v. Liberty Lobby*, 477 U.S. 242, 256-57 (1986). In order to avoid summary judgment, the nonmoving party must put forth enough evidence that a reasonable jury could return a verdict in the nonmovant's favor. *Id.* at 249. A mere scintilla of evidence in the nonmovant's favor is not sufficient. *Id.* at 252.

In addition, Defendant Howell raises a qualified immunity defense. When a government official raises defense of qualified immunity in motion for summary judgment, the plaintiff must produce facts sufficient to show both that defendant's alleged conduct violated the law and that the law was clearly established when the alleged violation occurred. *Bruning v. Pixler*, 949 F.2d 352 (10th Cir. 1991). Only then must defendant bear the usual summary judgment movant's burden of showing that no material issues of fact remain that would defeat claim of qualified immunity. *Id.*; *Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009) (if plaintiff succeeds in carrying his two-fold burden of production, the burden shifts back to the defendant and the analysis reverts to a traditional summary judgment analysis).

## ANALYSIS

I. **Motions to Disregard Affidavits**

Both parties have filed motions asking the Court to disregard various affidavits filed in support of Defendants' Motion to Dismiss, Plaintiff's Response, and Defendants' Reply.  Before proceeding to the merits of the Motion for Summary Judgment, the Court resolves the motions to disregard affidavits as follows.

A. <u>Plaintiff's Motion to Disregard in Part Summary Judgment Affidavits of Tom Howell and Raul Rosa Pursuant to Fed. R. Civ. Proc. 56(e)(1)</u> (**doc. 30**).

With regard to the affidavit of Portales Police Officer Raul Rosa (doc. 17-2), Plaintiff objects to ¶¶ 6, 11, 13, and 14, all of which reference statements made to Rosa by others, as impermissible hearsay.  Defendants respond that these paragraphs are not offered for the truth of the matter, but only as evidence of Rosa's state of mind and to explain why he took the actions he did.  Because the Court agrees with Defendants that these statements are offered to explain Rosa's steps in investigating the warrant, Plaintiff's Motion with respect to these statements is denied.  *See United States v. Hinson*, 585 F.3d 1328, 1336-37 (10th Cir. 2009) ("Testimony which is not offered to prove the truth of an out-of-court statement, but is offered instead for *relevant* context or background, is not considered hearsay. . . [To determine if evidence constitutes background information, courts ask] whether the purported background evidence is necessary for the government to be able to tell a coherent story about its investigation." (internal quotation and citation omitted)); *United States v. Wilson*, 107 F.3d 774, 780 (10th Cir. 1997) ("[O]ut of court statements are not hearsay when offered for the limited purpose of explaining why a Government investigation was undertaken." (internal quotation marks and citation omitted)).  Plaintiff also objects to Rosa's statement that he understood the Deputies arrested Plaintiff after he left the apartment (doc. 17-2, at ¶ 15).  Because Plaintiff does not contest that she was arrested – indeed, her arrest is at the heart of her complaint – and instead contends only

that Rosa "failed to intervene to prevent" the arrest (doc. 11, at ¶ 18), the Court sees no need to disregard ¶ 15.

With regard to the affidavit of Tom Howell (doc. 17-1), Plaintiff argues that the Court should disregard ¶¶ 5 and 6 because they state facts that could not fall within Howell's personal knowledge as required by Fed. R. Civ. P. 56(c), and because ¶ 6 contains hearsay. Paragraph 5 states, "To my knowledge, the City of Portales, acting through the City Council, did not promulgate, enact, adopt, or approve" the Procedures. Because this statement expresses a negative – essentially stating that if the City promulgated, enacted, adopted, or approved the Procedures, Howell had no knowledge of the fact – and Howell's personal knowledge includes what he does not know, the Court rejects Plaintiff's argument. Paragraph 6 states, "To my knowledge, these 'Procedures' were drafted by the Portales Municipal Court, specifically by Judge Frederick Arnold." The Court agrees with Plaintiff that Defendants have not laid any foundation for how this information lies within Howell's personal knowledge. Under this standard, "an affidavit is inadmissible if the witness could not have actually perceived or observed that which he testifies to," and "statements of mere belief must be disregarded." *Argo v. Blue Cross and Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006) (internal quotation marks and citations omitted). Further, the Court agrees with Plaintiff that if Howell knows Judge Arnold drafted the Procedures because the Judge told Howell so, the statement constitutes inadmissible hearsay. Therefore, the Court will disregard ¶ 6.

Thus, Plaintiff's Motion to Disregard in Part Summary Judgment Affidavits of Tom Howell and Raul Rosa is GRANTED with respect to ¶ 6 of the Howell Affidavit, and DENIED as to all other issues

  B.  <u>Additional Motions to Disregard Portions of Affidavits</u>

The parties have each submitted additional motions to disregard portions of affidavits attached to various pleadings. *See* Defendants' Motion to Strike Portions of the Affidavit of Irene Olivias (doc. 37); Plaintiff's Motion to Disregard Affidavit Attached to Defendants' Reply Filed November 9th, 2012 [Document 33] or Alternatively Motion to Allow the Filing of a Sur-Reply or Alternatively Motion to Stay Ruling on Summary Judgment Until the Deposition of Tom Howell Can Be Completed (doc. 38). These affidavits address the standard practices used by the Library and the Municipal Court to collect fines for overdue library materials, and the City and Municipal Court's actions after Plaintiff was arrested. Because for the reasons discussed in Section IV below, this Court finds no constitutional violation in Plaintiff's arrest, these facts are immaterial to resolve the motion for summary judgment. Therefore, the Court DENIES the motions as moot.

The Court now addresses the merits of Defendants' Motion for Summary Judgment.

## II.     § 1985 Claim

Plaintiff alleges that Defendants conspired to deprive Plaintiff of her constitutional rights to equal protection and due process of the law in violation of 42 U.S.C. § 195. To establish an actionable conspiracy under § 1985(3), plaintiff must prove that the conspiracy was motivated by "some racial or otherwise class-based discriminatory animus." *See Dixon v. City of Lawton*, 898 F.2d 1443, 1447 (10th Cir. 1990) (quotation omitted). Here, Plaintiff has not alleged race-based animus; instead, the class she identifies is debtors to the City for overdue library fines, as distinct from debtors to the City for other matters. However, as the Tenth Circuit has noted, "[d]ebtors have not been recognized as a protected class as yet," nor are the criteria used to define debtors to the library "invidiously discriminatory." *See Lessman v. McCormick*, 591 F.2d 605, 608 (10th Cir. 1979) (concluding that the plaintiff who was arrested for failing to pay a parking ticket

7

failed to identify discriminatory animus against a class of debtors). Because Plaintiff has failed establish such an animus, her § 1985 conspiracy claim fails.

### III. New Mexico Tort Claims Act Claim

Plaintiff also brings a claim against the City of Portales for negligence under the New Mexico Tort Claims Act ("NMTCA"), §§ 41-4-1 et seq. NMSA (1978), on the grounds that the City, its agents, and its employees were negligent by failing to provide adequate training, experience, or education to its employees with regard to basic due process rights, proper collection procedures, and operation of a computer system for the collection of overdue library materials.

Section 41-4-6 NMSA exempts government entities and employees from immunity for "damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting with the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings." This provision is intended to prevent injuries to the public arising from unsafe, dangerous, or defective conditions on property owned and operated by the government. *Lymon v. Aramark Corp.*, 728 F. Supp. 2d 1222, 1252 (D.N.M. 2010) (citing *Bober v. New Mexico State Fair*, 111 N.M. 644, 653, 808 P.2d 614, 623 (1991)). Essentially a premises liability statute, it "require[s] public employees to exercise reasonable care in maintaining and operating the physical premises owned and operated by the government." *Archibeque v. Moya*, 116 N.M. 616, 619, 866 P.2d 344, 347 (1993). However, the statute "does not waive immunity when public employees negligently perform . . . administrative functions. To read Section 41–4–6 as waiving immunity for negligent performance of administrative functions would be contrary to the plain language and intended purpose of the statute." *Id.* (disallowing claim under NMTCA for performing the administrative function of classifying an inmate as eligible for release into the general prison

8

population).  Here, operating the library computer system to collect overdue fines constitutes an administrative function, not part of the maintenance of physical premises owned and operated by the government.  Therefore, Plaintiff's NMTCA claim fails.

## IV.     Deprivation of Due Process Claim

Plaintiff also alleges that by adopting the Procedures, Defendants violated her rights to substantive and procedural due process under the Fourth and Fourteenth Amendments. Specifically, she argues that she has a substantive due process interest in her safety and well-being, and that this substantive due process interest gave rise to a right to procedural due process.

However,  where a particular amendment "provides an explicit textual source of Constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807, 813 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 394- 395 (1989)) (rejecting the plaintiff's claim that an illegal arrest violated substantive due process rights under the Fourteenth Amendment by depriving him of a liberty interest, and analyzing the claims under the Fourth Amendment); *accord*, *Becker v. Kroll*, 494 F.3d 904, 919 (10th Cir. 2007) ("The more general due process considerations of the Fourteenth Amendment are not a fallback to protect interests more specifically addressed by the Fourth Amendment in this context.").  Thus, "[i]f a constitutional claim is covered by a specific constitutional provision . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998) (quoting *United States v. Lanier*, 520 U.S. 259, 272 n. 7 (1997)).  The Tenth Circuit has reached the same conclusion about procedural due process.  *See Becker*, 494 F.3d at 919 ("We find *Albright*'s reasoning regarding substantive due process equally persuasive with regard to the Fourteenth Amendment's procedural component.").

9

Here, Plaintiff's suit arises from an alleged illegal seizure, a violation finding explicit Constitutional protection in the text of the Fourth Amendment. U.S. Const. amend. IV. Therefore, the Court analyzes her claim under the Fourth Amendment, and finds that Plaintiff has not shown a constitutional violation.

The Fourth Amendment requires a valid arrest to be supported by probable cause, which exists "where the facts and circumstances within the arresting officer's knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution to have the belief that an offense has been or is being committed by the person to be arrested." *Koch v. City of Del City*, 660 F.3d 1228, 1239 (10th Cir. 2011) (quoting *United States v. Alonso*, 790 F.2d 1489, 1496 (10th Cir.1986)). If probable cause exists, a person has received all the protections that the Constitution requires, "even if later events establish that the target of the warrant should not have been arrested." *Bruner v. Baker*, 506 F.3d 1021, 1026 (10th Cir. 2007). This Court finds that regardless of whether Plaintiff and Lori Teel are one and the same, Plaintiff's arrest was supported by probable cause, and therefore no violation of her Fourth Amendment rights occurred.

First, nothing in the Procedures themselves allows a patron with overdue library fines to be arrested without probable cause. On their face, the Procedures require a valid bench warrant for a patron's arrest, and they also require notice to the patron, allowing him or her to avoid arrest. The steps required by the Procedures expressly protect a patron's Fourth Amendment rights.

Second, on the facts alleged here, the Deputies had probable cause to arrest Plaintiff.[4] Whether probable cause existed requires analyzing the totality of the circumstances. *Koch*, 660

---

[4] The facts are disputed, but the Court finds none of the disputed facts are material to resolution of the case. The parties agree that Plaintiff was arrested; they disagree whether Plaintiff is Lori Teel, applied for a library card, took out library materials, and failed to return them. However, because the Court concludes that Plaintiff's arrest was

10

F.3d at 1239.  The Deputies had a facially valid bench warrant for Lori Teel's arrest.  *See Hill v. Bogans*, 735 F.2d 391, 393 (10th Cir. 1984) ("Unless a warrant is facially invalid an officer has no constitutional duty to independently determine its validity.").  The warrant was issued when Lori Teel violated a court order by failing to appear in response to a summons.[5]  *See* Rule 8-206, NMRA. ("If any person who has been ordered by the municipal judge to appear at a certain time and place or to do a particular thing fails to appear at such specified time and place in person or by counsel when permitted by these rules or to do the thing so ordered, the court may issue a warrant for the person's arrest.").  It is undisputed that Lori Teel, whether Plaintiff or not, did not appear in response to the Municipal Court Summons.  That the Summons was returned as undeliverable does not invalidate the court's order that she appear; if so, any party could evade court authority simply by changing addresses or writing "return to sender" on any court document received.  As the New Mexico Court of Appeals has noted with regard to metropolitan bench warrants, the rule vesting a court with authority to issue bench warrants for failure to appear does not require the court to investigate why the defendant failed to appear.  "Instead, the mere fact that a defendant fails to appear vests a court with the authority to issue a warrant. . . .  If we accepted Defendant's argument that the warrant was erroneously issued, courts would be required to evaluate every bench warrant to determine whether there was any

---

supported by probable cause whether she is Lori Teel or not, these factual disputes do not preclude resolving Defendants' motion on legal grounds.  The parties further disagree about whether the City had ever promulgated, adopted, or approved the Procedures.  Because the Court finds no constitutional violation in Plaintiff's arrest, the Procedures' origins and adoptions are likewise irrelevant to resolving the legal issues here.

[5] Plaintiff alleges that the warrant was deficient because it violated two New Mexico Rules of Procedure for Municipal Courts.  First, she argues that the warrant's failure to provide a height, race, eye color, hair color, or social security number made identification impossible in violation of Rule 9-212 NMRA.  However, 9-212 NMRA is a bench warrant form, not a rule, and providing spaces for such information does not create a rule requiring its inclusion for the warrant to be valid.  Second, she argues that the warrant lacked an "Affidavit for Bench Warrant," or a "sworn written statement of probable cause," as required by Rules 9-212 and 8-206 NMRA.  However, again, 9-212 NMRA is a form, not a rule.  And 8-206 NMRA does not require an affidavit where the judge issuing the warrant has "personal knowledge" hat the subject of the warrant has failed to appear in court.  *See State v. Pinela*, 830 P.2d 179, 181 (N.M. Ct. App. 1992) (holding that a judge may acquire personal knowledge sufficient to support a bench warrant through review of court records).

excuse or justification for a defendant's failure to appear." *State v. Lucero,* 29, 268, 2010 WL 4685397 (N.M. Ct. App. July 28, 2010). The same reasoning applies to the municipal warrant here.

The Deputies also had reason to believe that Plaintiff was Lori Teel. Plaintiff shared a birth date with Lori Teel; she had previously lived at the address Lori Teel gave in her library card application; she shared the same first name; and she was found at an apartment that the Deputies understood to be the residence of one Jimmy Teel.[6] *See Nelson v. McMullen*, 207 F.3d 1202, 1206-07, 1207 n.7 (10th Cir. 2000) (finding no Fourth Amendment violation where "officers reasonably believed the suspect had the same name, birth date, and physical description as" the plaintiff); *United States v. Shareef*, 100 F.3d 1491, 1503 (10th Cir. 1996) (when defendant shared last name, date of birth, sex, and race with suspect described in the Federal Bureau of Investigation's National Crime Information Center (NCIC) teletype, detention of defendant was reasonable). If the Deputies' belief was mistaken, it was nonetheless reasonable, and a mistaken arrest, in itself, does not comprise a Fourth Amendment violation. *See Hill v. California*, 401 U.S. 797, 802 (1971) ("When the police have probable cause to arrest one party, and when they reasonably mistake a second party for the first party, then the arrest of the second party is a valid arrest."); *see also Rodriguez v. Farrell*, 280 F.3d 134, 1346 (11th Cir. 2002) ("The same 'reasonable mistake' standard applies (1) in the context of a section 1983 action and (2) when the police have a valid warrant—as opposed to just probable cause—to arrest someone, but mistakenly arrest someone else due to a misidentification."). As the Supreme Court noted in *Baker v. McCollan*, "The Constitution does not guarantee that only the guilty will be arrested." 443 U.S. 137, 145 (1979).

---

[6] The Court also notes that according to Plaintiff's affidavit, she told Rosa she "did not go by the name of Lori Teel," she "had no recollection of" getting a Library card, and "no recollection of taking any books" from the Library was not known as Lori Teel (doc. 17-2, at ¶ 7), none of which are resoundingly definitive statements.

In so finding, the Court does not intend to minimize the impact of a mistaken arrest. Any pain and suffering caused by such an arrest, however, does not in itself give rise to a Fourth Amendment violation. Therefore, Plaintiff's due process claim, analyzed under the protections of the Fourth Amendment, fails.

## V.    § 1983 Claims

Finally, Plaintiff raises two claims under 42 U.S.C. § 1983. First, she contends that the City either maintains an official policy of allowing its employees to seek illegal arrest warrants through the Municipal Court, or alternately, maintains a de facto policy of ignoring such actions by its employees or others. Second, she contends, that the City's failure to train or supervise its employees led to Plaintiff's illegal arrest. The Court finds that both claims fail.

To prevail in a civil rights action under 42 U.S.C. § 1983, a plaintiff must plead and prove that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the Constitution and laws of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 alone creates no substantive rights; rather, it is a vehicle by which a plaintiff may seek redress for deprivations of rights established in the Constitution or federal laws. *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). Thus, "[t]he first inquiry in any § 1983 suit . . . is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws'" of the United States. *Id.* at 140; *Paul v. Davis*, 424 U.S. 693, 699-701 (1976). However, as discussed above, Plaintiff has failed to allege facts supporting a Fourth Amendment violation. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (a municipality cannot be liable under § 1983 if the officer in fact inflicted no constitutional harm). In the absence of a constitutional violation, her § 1982 claims must fail. In so finding, this Court does not suggest that criminal prosecution is an appropriate method for collecting municipal library fines, which appears akin to using a cannon

to kill a fly. It only concludes that on the facts alleged here, it does not constitute a violation of the Fourth Amendment.

The Court also notes that in the absence of any underlying constitutional violation, whether Howell is entitled to qualified immunity is moot.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, or Alternatively, Motion for Summary Judgment (**doc. 17**); **GRANTS** in part and **DENIES** in part Plaintiff's Motion to Disregard in Part Summary Judgment Affidavits of Tom Howell and Raul Rosa Pursuant to Fed. R. Civ. Proc. 56(e)(1) (**doc. 30**); and **DENIES** as moot Defendants' Motion to Strike Portions of the Affidavit of Irene Olivias (**doc. 37**), and Plaintiff's Motion to Disregard Affidavit Attached to Defendants' Reply Filed November 9th, 2012 [Document 33] or Alternatively Motion to Allow the Filing of a Sur-Reply or Alternatively Motion to Stay Ruling on Summary Judgment Until the Deposition of Tom Howell Can Be Completed (**doc. 38**).

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE